```
                          FILED
                  CLERK, U.S. DISTRICT COURT

                       12/30/2024

                CENTRAL DISTRICT OF CALIFORNIA
                BY:      MMC         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:24-CR-00770-SVW |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [50 U.S.C. § 1705(a), (c): Conspiracy to Violate the International Emergency Economic Powers Act; 18 U.S.C. § 951: Acting in the United States as an Illegal Agent of a Foreign Government; 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SHENGHUA WEN, | |
| Defendant. | |

The United States Attorney charges:

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1.   The International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Section 1701, et seq., grants the President the authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States.  Section 1705 provides that it is a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under Chapter 35 of Title 50.

2.   Pursuant to IEEPA, the President and the executive branch have issued orders and regulations governing and prohibiting certain transactions involving North Korea.  Specifically, on June 26, 2008, the President issued Executive Order ("E.O.") 13466, finding that that "the existence and risk of the proliferation of weapons-usable fissile material on the Korean Peninsula constituted an unusual and extraordinary threat to the national security and foreign policy of the United States" and declaring a "national emergency to deal with that threat."  In two subsequent Executive Orders in 2010 and 2011, the President imposed additional sanctions with respect to North Korea.  See Executive Orders 13551 (Aug. 30, 2010) and 13570 (Apr. 18, 2011).  To implement those Executive Orders, the Secretary of the Treasury, through the Office of Foreign Assets Control ("OFAC") issued the North Korean Sanctions Regulations (the "NKSR").  31 C.F.R. Part 510.

3.   On February 18, 2016, the President signed into law the North Korea Sanctions and Policy Enhancement Act of 2016 ("NKSPEA"), codified at 22 U.S.C. § 9201, et seq., to address the North Korean weapons of mass destruction threat.

4.   In addition to the enactment of the NKSPEA, the President, pursuant to IEEPA, issued a series of three Executive Orders in 2015, 2016, and 2017 further regulating transactions involving North Korea.  See Executive Orders 13687 (Jan. 2, 2015); 13722 (Mar. 15, 2016); and 13810 (Sept. 21, 2017).  On March 5, 2018, OFAC amended the NKSR and reissued them in their entirety to implement those Executive Orders and to reference the NKSPEA.  See 83 Fed. Reg. 9182 (Mar. 5, 2018).

5.   The NKSR implements a comprehensive sanctions regime against North Korea.  Absent permission from OFAC in the form of a

license, the NKSR prohibits, among other things, the exportation or re-exportation, directly or indirectly, from the United States, or by a U.S. person, wherever located, of any goods, services, or technology to North Korea.  31 C.F.R. § 510.206(a).  This prohibition applies to services, including financial, brokering, freight forwarding, or transportation services, performed on behalf of a person in North Korea or the government of North Korea or where the benefit of such services is otherwise received in North Korea.  31 C.F.R. § 510.405.  Additionally, the benefit of services performed anywhere in the world on behalf of the North Korean government is presumed to be received in North Korea.  Id.

    6.   The NKSR prohibits any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate or any conspiracy formed to violate any of the prohibitions set forth in the NKSR.  31 C.F.R. § 510.212.

//
//
//

<u>COUNT ONE</u>

[50 U.S.C. § 1705(a), (c); 31 C.F.R. §§ 510.206(a), 510.212(b); and Executive Orders 13466 and 13722]

The United States Attorney realleges and incorporates by reference paragraphs 1 through 6 of the Introductory Allegations, as if fully set forth herein.

A.   <u>OBJECT OF THE CONSPIRACY</u>

Beginning on a date unknown but no later than in or around 2022 and continuing until in or around September 2024, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant SHENGHUA WEN ("WEN") and others known and unknown knowingly conspired and agreed with each other to export and reexport, directly and indirectly, from the United States, goods, services, and technology, namely firearms, ammunition, and other sensitive technology, to North Korea, without having first obtained a license or authorization from the Department of the Treasury, Office of Foreign Assets Control (OFAC), in violation of 50 U.S.C. § 1705(a) and (c), and 31 C.F.R. §§ 510.206(a), 510.212(b).

B.   <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished in substance as follows:

1.   North Korean government officials would contact defendant WEN using encrypted messaging platforms to discuss defendant WEN procuring firearms, ammunition, and other sensitive technology to send to North Korea for North Korea's military use.

2.   Defendant WEN would procure firearms, ammunition, and sensitive technology to ship to North Korea.

3.  Knowing that his conduct was illegal, defendant WEN would take steps to disguise the nature and destination of the shipments he was sending to North Korea by, among other things, filing and causing to be filed false and misleading export information, claiming the shipments contained innocuous consumer goods and were destined for China, and arranging for the shipments to be routed through China.

4.  Defendant WEN would maintain and use multiple locations to store firearms, ammunition, and sensitive technology before shipping those items to North Korea.

5.  Defendant WEN would receive funds to procure firearms, ammunition, and sensitive technology to send to North Korea and payment for his services.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendant WEN and others known and unknown committed various overt acts within the Central District of California and elsewhere, including but not limited to the following:

Overt Act No. 1:   In or around 2022, defendant WEN communicated with North Korean government officials to discuss defendant WEN procuring firearms, ammunition, and other sensitive technology to send to North Korea for North Korea's military use.

Overt Act No. 2:   On or before December 4, 2023, defendant WEN purchased multiple firearms and other goods to send to North Korea.

Overt Act No. 3:   On or before December 4, 2023, defendant WEN shipped a container filled with firearms and other goods from the Port of Long Beach, California, to North Korea, via Hong Kong, China, by, among other things, falsely identifying the container's contents as a "refrigerator."

<u>Overt Act No. 4</u>:   In or around January 2024, defendant WEN contacted a U.S.-based broker to obtain information about purchasing a civilian plane engine that defendant WEN intended to procure for North Korea.

<u>Overt Act No. 5</u>:   On March 15, 2024, defendant WEN purchased a chemical threat identification device, namely, a Serstech Arx mkII Pharma device, to send to North Korea.

<u>Overt Act No. 6</u>:   On or about March 11, 2024, defendant WEN purchased a hand-held broadband receiver that detects electronic transmissions, namely, an ANDRE Deluxe Near-Field Detection device, to send to North Korea.

<u>Overt Act No. 7</u>:   On or about May 18, 2024, using an encrypted messaging platform, defendant WEN communicated with co-conspirators about procuring weapons and sent an image depicting a firearm.

<u>Overt Act No. 8</u>:   On or about May 19, 2024, using an encrypted messaging platform, defendant WEN communicated with co-conspirators about procuring sensitive technology and sent an image depicting a thermal imaging system that could be affixed to an aircraft and used for reconnaissance and/or target identification, among other applications.

<u>Overt Act No. 9</u>:   On or before September 2024, defendant WEN purchased approximately 60,000 rounds of ammunition to send to North Korea.

<u>COUNT TWO</u>

[18 U.S.C. § 951]

Beginning on an unknown date but no later than in or around 2022 and continuing until in or around September 2024, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant SHENGHUA WEN did knowingly act in the United States as an agent of a foreign government, to wit, North Korea, also known as the Democratic People's Republic of Korea, and one or more foreign officials of the government of North Korea, also known as the People's Republic of North Korea, without prior notification to the Attorney General of the United States, as required by law.

## FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense charged in each such Count; and

   b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph a.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ David T. Ryan*

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

SARAH E. GERDES
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section

9