BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
SARAH E. GERDES (Cal. Bar No. 306015)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4699
    Facsimile: (213) 894-0141
    E-mail:   sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>SHENGHUA WEN,<br><br>      Defendant. | No. CR 2:24-00770-SVW<br><br><u>PLEA AGREEMENT FOR DEFENDANT<br>SHENGHUA WEN</u> |

    1.   This constitutes the plea agreement between Shenghua Wen ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the two-count information in <u>United</u>

States v. Shenghua Wen, CR No. 2:24-00770-SVW, which charges defendant with Conspiracy to Violate the International Emergency Economic Powers Act, in violation of 50 U.S.C. § 1705(a), (c) (Count One); and Acting in the United States as an Illegal Agent of a Foreign Government, in violation of 18 U.S.C. § 951 (Count Two).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant understands that the government obtained additional material in this investigation that defendant has not been shown.  In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review the additional material, regardless of whether it is arguably exculpatory or inculpatory, and further agrees to waive any argument that the withholding of this material caused defendant's plea to be not knowing or involuntary.  The government agrees not to use at

1  sentencing any of the withheld material without providing it to

2  defendant.

3       3.   Defendant further agrees:

4            a.   To forfeit all right, title, and interest in and to

5  any and all monies, properties, and/or assets of any kind, derived

6  from or acquired as a result of, used to facilitate the commission

7  of, or involved in the illegal activity to which defendant is

8  pleading guilty, specifically including, but not limited to, the

9  following:

10                 i.   One Serstech Arx mkII Pharma device; and

11                 ii.  One ANDRE Deluxe Near-Field Detection device)

12  (both seized from defendant's residence on or about August 14, 2024);

13  and

14                 iii. Approximately 60,000 rounds of ammunition (seized

15  from defendant's vehicle on or about September 6, 2024) (collectively

16  the "Forfeitable Property").

17            b.   To the Court's entry of an order of forfeiture at or

18  before sentencing with respect to the Forfeitable Property and to the

19  forfeiture of the property.

20            c.   To take whatever steps are necessary to pass to the

21  United States clear title to the Forfeitable Property, including,

22  without limitation, the execution of a consent decree of forfeiture

23  and the completing of any other legal documents required for the

24  transfer of title to the United States.

25            d.   Not to contest any administrative forfeiture

26  proceedings or civil judicial proceedings commenced against the

27  Forfeitable Property.  If defendant submitted a claim and/or petition

28  for remission for all or part of the Forfeitable Property on behalf

of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.    That forfeiture of the Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the

forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

THE USAO'S OBLIGATIONS

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 50 U.S.C. § 4819 (Conspiracy to Commit Export Control Violations); 18 U.S.C. § 1956(h) (Conspiracy to Commit International Money Laundering); 13 U.S.C. § 305 (Unlawful Export Information Activities); 18 U.S.C. § 554 (Outbound Smuggling); and 18 U.S.C.

§ 922(g)(5) (Prohibited Person in Possession of Firearms and Ammunition) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 13 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSES</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count one of the information, that is, Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA") and the North Korean Sanctions Regulations ("NKSR"), in violation of Title 50, United States Code, Section 1705(a), (c); 31 C.F.R. §§ 510.206(a), 510.212(b); and Executive Orders 13466 and 13722, the following must be true: (1) there was an agreement between two or more persons to commit a crime, namely a violation of IEEPA; and (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.  For defendant to be guilty of a substantive violation of IEEPA and the NKSR, namely 50 U.S.C. § 1705(a), (c); 31 C.F.R. §§ 510.206(a), 510.212(b); and Executive Orders 13466 and 13722, the following must be true: (1) defendant exported or reexported goods or technology, directly or indirectly, from the United States to North Korea; (2) defendant did not obtain a license or other authorization from

the Department of the Treasury, Office of Foreign Assets Control, for such export or reexport; and (3) defendant acted willfully, meaning defendant acted with knowledge that his conduct was unlawful.

6.    Defendant understands that for defendant to be guilty of the crime charged in count two of the information, that is, Acting in the United States as an Illegal Agent of a Foreign Government, in violation of Title 18, United States Code, Section 951, the following must be true: (1) defendant acted in the United States as an agent of a foreign government or official, in this case, the Government of North Korea, also known as the Democratic People's Republic of Korea; (2) defendant failed to notify the Attorney General that he would be acting as an agent of a foreign government or official; and (3) defendant acted knowingly.  The term "agent of a foreign government" is defined as a person who agrees to act in the United States subject to the direction and control of a foreign government or official.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 50, United States Code, Section 1705(a), (c) is: 20 years' imprisonment; a three-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 951 is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 30 years' imprisonment; a three-year period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant is a citizen of the People's Republic of China who entered the United States in 2012 on a student visa.  After

9

1   defendant's student visa expired in December 2013, he remained in the

2   United States illegally.  Defendant knew it was illegal to remain in

3   the United States after his student visa had expired.

4       Prior to entering the United States, defendant met with

5   government officials from the Democratic People's Republic of Korea

6   ("DPRK" or "North Korea") at a North Korean embassy in China.  The

7   North Korean government officials directed defendant to procure goods

8   on behalf of the North Korean government.  Defendant knew the

9   individuals with whom he met were North Korean government officials

10   because of the North Korean country apparel they were wearing, the

11   fact that he was in an official North Korean building, and because

12   they were speaking to him in Korean.

13       In or around 2022, two North Korean government officials known

14   by Korean names as "Jin Yong Nan" and "Cui" contacted defendant and

15   instructed him to purchase and export firearms and other goods,

16   including sensitive technology, from the United States to North Korea

17   via China.  Defendant agreed and used the encrypted messaging

18   platform Wickr to communicate with the North Korean officials about

19   the smuggling scheme.

20       At the direction of North Korean government officials, in or

21   around 2023, defendant shipped at least three containers of firearms

22   out of the port in Long Beach, California, within the Central

23   District of California, to North Korea via China.  Defendant took

24   steps to conceal that he was illegally shipping firearms to North

25   Korea by, among other things, filing or causing to be filed false

26   export information regarding the contents of the containers.

27   Additionally, in or before September 2024, defendant purchased

28   approximately 60,000 rounds of 9mm ammunition that defendant intended

1  to send to North Korea at the direction of North Korean government

2  officials.

3      Over the course of the scheme, North Korean government officials

4  wired approximately two million U.S. dollars to defendant to procure

5  firearms and other goods for the North Korean government.

6      To procure weapons for North Korea, in or around May 2023,

7  defendant purchased AK5000 INC (Super Armory), a Federal Firearms

8  Licensee ("FFL") in Texas.  One of defendant's North Korean contacts

9  sent money to defendant through intermediaries to pay for the FFL.

10 Defendant purchased many of the firearms that he sent to North Korea

11 in Texas, and he then drove the firearms from Texas to California.

12     One of defendant's weapons shipments left the port of Long Beach

13 on or about December 4, 2023.  Defendant falsely reported to U.S.

14 authorities that the shipment consisted of a refrigerator.  The

15 tracking number for this container was OEH-20154.  The number for the

16 vessel that transported the container was ONE IBIS #0031W.  This

17 weapons shipment arrived in Hong Kong, China, on or about January 1,

18 2024.  The weapons shipment was subsequently transported from Hong

19 Kong to Nampo, North Korea.

20     In furtherance of the conspiracy and at the direction of North

21 Korean officials, defendant also obtained sensitive technology that

22 he intended to send to North Korea, including the following: (1) a

23 Serstech Arx mkII Pharma device — a chemical threat identification

24 device; and (2) an ANDRE Deluxe Near-Field Detection device — a

25 handheld broadband receiver that detects known, unknown, illegal,

26 disruptive, or interfering transmissions.  Defendant also acquired

27 and/or offered to acquire the following technology to sell to North

28 Korea: a thermal imaging system that can be mounted on a UAV,

1  helicopter, and other aircraft, and that can be used for
2  reconnaissance and target identification, among other applications;
3  and a civilian airplane engine.

4      Licenses from the Department of the Treasury's Office of Foreign
5  Assets Control ("OFAC") and Department of Commerce, Bureau of
6  Industry and Security ("BIS") are required to export ammunition,
7  firearms, and the above-described devices to North Korea, and
8  defendant does not have any licenses from OFAC or BIS for any
9  exports.

10     At all relevant times, defendant knew it was illegal to ship
11  firearms, ammunition, and sensitive technology to North Korea.

12     Defendant procured the firearms, ammunition, and other devices
13  in the United States at the direction and control of North Korean
14  government officials.  Defendant shipped firearms and other goods to
15  North Korea at the direction and control of North Korean government
16  officials.  Defendant never provided notification to the Attorney
17  General of the United States that he was acting in the United States
18  at the direction and control of North Korean government or North
19  Korean government officials.

20                          SENTENCING FACTORS

21     14.  Defendant understands that in determining defendant's
22  sentence the Court is required to calculate the applicable Sentencing
23  Guidelines range and to consider that range, possible departures
24  under the Sentencing Guidelines, and the other sentencing factors set
25  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
26  Sentencing Guidelines are advisory only, that defendant cannot have
27  any expectation of receiving a sentence within the calculated
28  Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            26      U.S.S.G. § 2M5.1(a)(1)(A)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses
against defendant.

f.    The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.   Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty pleas were involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's convictions on the offenses to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statutes to which defendant
is pleading guilty are unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's pleas of guilty.

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

20.   Defendant gives up the right to appeal all of the
following: (a) the procedures and calculations used to determine and
impose any portion of the sentence; (b) the term of imprisonment

14

imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is no greater than 120 months' imprisonment; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

22.  This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

24.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

25.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

17

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits

18

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE

1   FOR THE CENTRAL DISTRICT OF
    CALIFORNIA

2

    BILAL A. ESSAYLI
3   United States Attorney

4
        /s/ Sarah E. Gerdes                    5/29/2025

5   _____        _____
    SARAH E. GERDES                          Date
6   Assistant United States Attorney
                                             5/28/2025
7   _____        _____
    SHENGHUA WEN                             Date
8   Defendant
                                             5/29/2025
9   _____        _____
    MICHAEL L. BROWN                         Date
10  Attorney for Defendant SHENGHUA
    WEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            20

## CERTIFICATION OF DEFENDANT

This agreement has been read to me in Korean, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        5/28/2025
SHENGHUA WEN                            Date
Defendant

1

2                       CERTIFICATION OF INTERPRETER

I, *Catheline Jung*, am fluent in the written and

3 spoken English and Korean languages.  I accurately translated this

4 entire agreement from English into Korean to defendant SHENGHUA WEN

5 on this date.

6 _____       5/28/2025

7 INTERPRETER                            Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am SHENGHUA WEN's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of his rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  guilty pleas pursuant to this agreement.

16

17  _____        _____
   MICHAEL L. BROWN                              Date
18  Attorney for Defendant SHENGHUA
   WEN

19

20

21

22

23

24

25

26

27

28